## EXEMPTION FROM SERVICE OF SUMMONS.

Circuit Court of Lucas County.

MINNIE WALSH v. DANIEL M. MOONEY.

Decided, November 20, 1909.

*Service of Summons—Privilege of Senators and Representatives—Construction of the Statutory Provision Relieving Them from "Answering"—Sections 5031 and 5457, 5458 and 5459.*

A member of the General Assembly is exempt from service of summons in a county other than that of his residence; during the sessions of the assembly and the time usually occupied in traveling to and from such sessions, where the cause of action accrued ten days before the opening of the session.

*Hamilton & Kirby,* for plaintiff in error.

KINDADE, J.; PARKER, J., and WILDMAN, J., concur.

This is an action for damages for breach of promise of marriage brought in the court of common pleas of this county by Minnie Walsh, who is a resident of Lucas county, against Daniel M. Mooney, who is a resident of Auglaize county, and service of summons had in this county. The defendant in that case appeared in court and moved the court to quash the summons that had been served upon him in this county upon the ground that he was a non-resident of the county, being a resident of Auglaize county; that he was then a member of the Senate of Ohio, that the Senate was then in session, that he was here on senatorial business only at the time he was served, and the cause of action in the case accrued more than ten days prior to the first day of the session of the Senate; and the court of common pleas, upon consideration of that motion, quashed the service, and this is a proceeding in error to reverse that action of the court of common pleas.

Our attention is directed to Section 12, Article II, of the Constitution, to Section 5031, and to Sections 5457, 5458 and 5459 of the Revised Statutes. It is said in behalf of the defendant in error here that the action of the court of common pleas was

fully justified by Section 5031 of the Revised Statutes, which reads as follows:

"A member of the Senate or House of Representatives, or any officer of either branch of the General Assembly, shall be privileged from answering to any suit which may be instituted against him in a county other than the one in which he resides, upon a cause of action which accrued ten days before the first day of the session of the General Assembly of which he is an officer or member; and all proceedings in actions to which any such person is a party shall be stayed during such session, and during the time necessarily employed in going thereto and returning therefrom."

Counsel for the plaintiff in error contend that this action amounts to more than privileging the member of the House or of the Senate from filing an answer in the case in which he is thus sued; that it does not relieve him from being served with summons and required at a later time to answer, but only suspends the time within which he must answer, and our attention in support of this proposition is directed to the sections I have mentioned, 5457, and incidentally 5458 and particularly 5459.

Section 5457 is the section of the statute that enumerates the persons who are exempt from arrest. It has seven subdivisions and the first mentions the members, clerks, sergeant-at-arms, door-keepers and messengers of the Senate and the House during the session of the Senate or House and during the time they travel either way in attending the sessions allowing twenty-five miles per day, etc. The second subdivision mentions electors attending and returning from election, and the third judges of court while attending court, and the time necessarily employed in going and returning. The fourth, officers of the court, including attorneys, counselors at law, clerks, sheriffs, coroners, constables and criers, and all suitors and jurors and witnesses. The fifth, females and soldiers of the Revolutionary war; sixth, Israelites, and persons observing the last day of the week, etc.; seventh, members of the militia during the time they are on duty and going and returning therefrom. Section 5458 prescribes the places in which arrest shall not be made—the Senate and the

House and a court in session.  Section 5459 is the general section that prescribes that none of the foregoing privileges shall apply in certain instances, and says:

"Nothing in this subdivision contained shall be construed to extend to cases of treason, felony, or breach of the peace, or to privilege any persons herein specified from being served at any time with a summons or notice to appear; and all arrests, not contrary to the provisions herein contained, made in any place, or on any river or water-course within or bounding upon this state, shall be deemed lawful."

The particular part of the section to which our attention is directed is, "or to privilege any persons herein specified from being served at any time with a summons or notice to appear," and it is said that unless effect be given to this language and the service in this case sustained by reason of this language in Section 5459, then the language must be held to have no effect in the statute at all.  Our attention has been called to but one case in Ohio which supports the action of the court of common pleas, and counsel on behalf of the plaintiff in error here contend that it is not a controlling authority and really of no weight in consideration of the question presented here.  This section of the statute, 5457, is the only section which provides for this privilege from arrest, and it might appear upon a hasty reading of the section that it refers to nothing but arrest; but an examination of the question will show that that is not the case.

This question was before the Supreme Court of Ohio in the case of *Andrews* v. *Lembeck,* in the 46 O. S., p. 38, in which a man had been brought from Virginia on a requisition from the Governor of Ohio and was in Cincinnati, and before he left there, after being released upon bail, a summons and order of arrest was issued and served upon him.  He moved that the summons and order of arrest both be quashed, and this same contention was made, that this language here did not exempt the accused from service of summons at any time he might be required to appear.  But the court held otherwise, and set aside both the order of arrest and the summons, and remarked in doing so that it was not necessary to refer to the statute in order to find au-

thority to do it, but because the man being a suitor and having
been brought within the jurisdiction of the court to attend to
a litigation in court, that it had been the law from time im-
memorial that he was exempt—not only exempt while returning
to his home, but that he was likewise exempt from the service
of summons—and was entitled to have the motion granted and
the summons that had been served upon him quashed.

The same ruling will be found in the 77 O. S., p. 81, in the
case of *Barber* v. *Knowles,* citing the 46 O. S. with approval and
following it.    There was no order of arrest in that case.    A
lawyer was journeying to Cincinnati to try a case, and stopped
at Dayton and was there served with summons.    If I remember
correctly, the point was not made that they had a right to serve
him if he was going direct to Cincinnati, but they claimed he
had tarried longer than he should, and therefore the authority of
the 46 O. S. did not apply, and they had a right to serve the
summons upon him; but the court held that was not the case
and that the summons should be quashed.    It will be observed
that this Section 5459 follows all the provisions exempting par-
ties from arrest, one of the seven subdivisions of Section 5457;
and it would look, upon first reading, as though while those
parties thus enumerated are all exempt from arrest, none of them
would in effect be exempt from the service of summons, and no
very good reason appears why a suitor or witness or a lawyer
or any of the other parties enumerated in these seven sub-
divisions, with the exception of two, should be exempt from arrest
and be exempt from summons if the members of the Legislature
should not.    They are all put on the same ground, and the
first persons enumerated as being exempt are the persons men-
tioned as members of the Legislature.    They are exempt from ar-
rest, and it would seem as if the Legislature had made ample
provision in those sections, which have long been upon the statute
book, to prevent the arrest or the summoning of a legislator
while attending the session or while going or returning from it.
But in addition to that we find this Section 5301 specifically pro-
vides that they shall be exempt during the session from answering
to any cause of action which accrued more than ten days prior
to the opening of the session.

It seems to us that the sections of the statute which I have mentioned, and taken in connection with the two cases which I have cited, clearly indicate that the Legislature did not intend to provide that a member of the Senate might be relieved from the duty of answering some petition filed against him in a county other than his residence until the session had closed and he had returned home, and then he must answer; but the section we think, clearly indicates that during the session, or during the period necessary to travel to and return from the session, and especially when the matter in question is a cause of action which arose more than ten days before the beginning of the session as mentioned in Section 5031, the privilege is that he will not be summoned at all, and that no legal summons can be served upon him excepting of course in the county of his residence, and therefore we conclude that the action of the court of common pleas must be affirmed in quashing the service.